**Andrew G. Patel**
Attorney-at-Law
The Trinity Building
111 Broadway, 13th Floor
New York, New York 10006
Telephone 212-349-0230                                                                          Fax 212-346-4665

**By U.S. Mail and E.C.F.**

February 18, 2008

Honorable Paul J. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                            Re:       United States v. Ralph Berry
                                         S1 07 Cr. 868 (PAC)
                                         Motion *In Limine*

Dear Judge Crotty:

       This letter is submitted as a motion *in limine* on behalf of the defendant Ralph Berry, seeking an Order for the following relief: (1) directing the government to provide certain information pertaining to expert testimony, pursuant to Rule 16 of the Federal Rules of Criminal Proceeding; (2) precluding the government from introducing evidence of prior crimes and bad acts, pursuant to Rules 403 and 404(b) of the Federal Rules of Criminal Proceeding; and (3) precluding the introduction of certain physical evidence.

      Expert testimony and reports

       By way of background, in a letter dated October 10, 2007, I asked the government to provide all information pertaining to expert reports and potential expert testimony. After receiving three "substance analysis reports" prepared by a chemist named Diana Vargas, I submitted another letter, dated December 14, 2007, noting that I anticipated that "the accuracy of the chemical analysis [would] be a significant issue at trial." Accordingly, I asked the government to indicate whether Ms. Vargas was an expected witness, and if so, to provide her current contact information. Additionally, I requested that the government provide: (1) any notes and reports of scientific tests or experiments; (2) a list of the names, addresses and qualifications of any expert the government intended to call; and (3) reports prepared by such witnesses, or if no such reports had been prepared, a brief description of the subject matter of their testimony and their opinions.

**Honorable Paul J. Crotty**
February 18, 2008
<u>Page 2</u>

In response, the government has advised me that such information will eventually be provided, but without committing to making the disclosure by any particular date. I now ask this Court to direct the government to provide the requested materials immediately, so that they are available in sufficient time to be useful for the defense.

Subdivision (a)(1)(G) of Rule 16 of the Federal Rules of Criminal Procedure explicitly provides, in pertinent part that:

> "*Expert Witnesses*. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial *** The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions and the witness's qualifications."

This rule makes clear that the disclosure obligation is mandatory. Once the request is made, the government has no choice but to comply.

The summary contemplated under Rule 16 "should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." *United States v White,* 492 F.3d 380, 406 (6th Cir. 2007), quoting Fed. R. Crim. P. 16 advisory committee's note (1993). Further, "the summary of the bases of the expert's opinion must be provided even where the proffered experts prepared no reports and can include 'any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703." *Id.* Merely listing the "general subject matters to be covered," without identifying "what opinion the expert would offer on those subjects" is insufficient. *United States v Duvall,* 272 F.3d 825, 828 (7th Cir. 2001); *see also, United States v Chastain,* 198 F.3d 1338, 1348 (11th Cir. 1999).

The purpose of Rule 16(a)(1)(G) is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances and to provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination." *United States v Cuellar,* 478 F.3d 282, 294 (5th Cir. 2007), quoting Advisory Committee Notes to the 1993 amendment. Indeed, the Second Circuit has observed that a failure to provide adequate notice regarding expert testimony may amount to an "ambush" in an appropriate case, constituting a deprivation of Due Process. *United States v Tin Yat Chin,* 476 F.3d 144, 146 (2nd Cir. 2007). Further, the "disclosure requirement creates an incentive for the government to limit its use of experts to proper subject matters of expert testimony, lest broader expert testimony require broader pre-trial disclosure." *United States v Dukagjini,* 326 F.3d 45, 56 (2nd Cir. 2003).

**Honorable Paul J. Crotty**
February 18, 2008
Page 3

Where the government fails to comply with the expert disclosure requirement, the court may order the government to disclose the evidence, grant a continuance, bar the proffered testimony or enter any other order that may be just. *United States v Shepard*, 462 F.3d 847, 866 (8th Cir. 2006), citing Fed. R. Crim. P. 16(d)(2); *see also, United States v Golyansky*, 291 F.3d 1285, 1249 (10th Cir. 1999) (noting factors to consider when fashioning an appropriate remedy).

These principles dictate that the government must provide the requested information about the expert at once. The trial is currently scheduled to commence in approximately five weeks. Because the accuracy of the chemical analysis may well be a crucial issue at trial, it is essential that the defense be enabled to review the expert testimony at this stage, rather than on the eve of trial. Further delays, it is submitted, will prevent the defense from analyzing and investigating the expert's findings and conclusions, thereby depriving the defendant of due process of law.

<u>Evidence of prior crimes and bad acts</u>

We also ask that this Court preclude the government from introducing evidence of prior crimes and bad acts. Fed. R. Evid. 404(b) provides that:

> "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

While taking an "inclusionary approach" to 404(b) evidence, *See, United States v Roldan-Zapata*, 916 F.2d 795, 804 (2nd Cir. 1990), the Second Circuit has nonetheless repeatedly warned district courts that, in determining the admissibility of prior bad acts, "caution and judgment are called for." *United States v Mohel*, 604 F.2d 748, 751 (2nd Cir. 1979). In *Huddleston v United States*, 485 U.S. 681, 691-92 (1988), the Supreme Court discussed the four prerequisites for admitting other "bad act" evidence: (1) the evidence must be "offered for a proper purpose"; (2) it must be relevant; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the trial court must, upon request, charge the jury to consider the evidence only for its limited purpose.

Here, Mr. Berry is charged with one count of possession with intent to distribute 50 grams or more of "crack" cocaine. The theory of the prosecution appears straightforward: simply put, the police allegedly arrested Mr. Berry pursuant to an arrest warrant on an unrelated matter and, during the subsequent search, found him to be in possession of crack cocaine. Yet, it is the very simplicity of this theory that renders any uncharged crimes or prior bad acts irrelevant and unnecessary. For example, prior convictions of petit larceny, robbery or reckless endangerment presumably have no relevance on any issue that may arise in this case. Accordingly, such evidence should be precluded pursuant to Rule 404(b). *See generally, United States v Garcia*, 291 F.3d 127

(2nd Cir. 2002); *United States v Johnson,* 27 F.3d 1186, 1191 (6th Cir. 1994); *United States v Fernandez,* 829 F.2d 363, 367 (2nd Cir. 1987) (*per curiam*); *see also, United States v Ramirez-Robles,* 386 F.3d 1234 (9th Cir. 2004).

More specifically, this Court should preclude any testimony, evidence or reference to the arrest warrant which led to Mr. Berry's arrest and seizure. Even the mere fact that a warrant existed – without any identifying details about the basis for the warrant – would communicate to the jury that Mr. Berry has engaged in other crimes, and that he had done so relatively close in time to the alleged drug possession that gave rise to the current charge. Thus, the prejudicial impact of such evidence far outweighs whatever probative value it arguably might have.

Physical evidence

Finally, we ask this Court to preclude any evidence of the physical items allegedly seized at the time of the arrest. According to the property voucher police records, the following items were seized from Mr. Berry: various denominations of currency, ranging from one dollar bills to one hundred dollar bills; a plastic bag containing crack cocaine; cell phones and cell phone batteries; and a brown cloth bag. Not mentioned in any of the vouchers, however, is a hooded sweatshirt that Mr. Berry allegedly had in his possession at the time of the arrest.

This omission is significant because the arrest report indicates that the drugs were actually found inside the pocket of the sweatshirt. And one can infer that the currency and other items may well have been found inside the sweatshirt as well. Because such a sweatshirt would obviously have been an important piece of evidence, its omission from the voucher reports suggests that it was never seized, or perhaps was seized but then lost.

It is well-settled that the Due Process Clause imposes an obligation upon the government to preserve material evidence "that might be expected to play a significant role in the suspect's defense." *California v Trombetta,* 467 U.S. 479, 488-89 (1984). The loss of such evidence may effectively deprive a defendant of his right to a fair trial. *See generally, United States v Rahman,* 189 F.3d 88, 139 (2nd Cir. 1999), *cert. denied,* 120 S.Ct. 830 (2000); *United States v Bakhitar,* 994 F.2d 970, 975-76 (2nd Cir. 1993), *cert. denied,* 510 U.S. 944 (1993). Determining the appropriate sanction involves a consideration of many factors, including the government's culpability for the loss and the significance of the evidence. *Rahman,* 189 F.3d at 139; *see generally, United States v Scaretta,* 11 F.3d 124 (2nd Cir. 1997) (discussing the appropriate standard to use in considering whether the destruction of evidence amounts to a constitutional violation); *see also, Arizona v Youngblood,* 488 U.S. 51 (1988); *United States v Morganstern,* 933 F.2d 1108, 1116 (2nd Cir. 1991), *cert. denied,* 502 U.S. 1101 (1992); *United States v Grammatikos,* 633 F.3d 1013 (2nd Cir. 1980).

Applying these standards here, we submit that the government should be precluded from introducing any evidence allegedly found during the search incident to the arrest. Since drug

**Honorable Paul J. Crotty**
February 18, 2008
Page 5

possession is the only count charged, the circumstances in which the drugs were discovered is likely to be a central issue at trial. And without the production of the sweatshirt that supposedly contained the drugs – and perhaps the other items as well – the defense will be unable to mount an effective challenge to the claim that he actually possessed the drugs in question. To a large degree, the defense of the essential elements of the crime will be eviscerated. For all these reasons, the only sanction that will protect the defendant's rights would be to preclude the government from introducing such physical evidence.

                                                Respectfully submitted,

                                                Andrew G. Patel

cc:    Marissa Mole
       Assistant United States Attorney (By U.S. Mail and E.C.F.)

       Ralph Berry (By U.S. Mail)